UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICK MAO, | Case No. 2:14-cv-00721-RCJ-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn for Extension – Dkt. #24) |
| SANUM INVESTMENTS, LTD., et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Nick Mao's Motion for Extension of Deadline for Service of Process (Dkt. #24). The court has considered the Motion.

Plaintiff filed the complaint in state court, and on May 8, 2014, Defendant Bridge Capital, LLC, removed it to this court. *See* Petition for Removal (Dkt. #1). Prior to removal, Plaintiff sought and obtained from the state court an order extending the deadline to serve Lao Holdings N.V. and Sanum Investments, Ltd., until February 27, 2015. *See* Exhibit 4 to Motion. Plaintiff has served Defendants Bridge Capital, LLC, and John K. Baldwin, but still needs to serve Lao Holdings N.V. and Sanum Investments, Ltd.

Rule 4 of the Federal Rules of Civil Procedure governs service of summons, and it mandates that service of process must be made within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service of summons and complaint is not made in that time, the Rule provides that

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

/ / /

Additionally, 28 U.S.C. § 1448 provides that where service of process is not perfected prior to removal of a case filed in state court to federal court, "such process or service may be completed or new process issued in the same manner as cases filed" in federal court. 28 U.S.C. § 1448. The Ninth Circuit has held that where summons was issued in a state court proceeding but was not served prior to removal, "the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Beecher v. Wallace,* 381 F.2d 372, 373 (9th Cir. 1967). The court reasoned that the state court process becomes "null and void" on the date the action is removed to the federal court. *See Richards v. Harper,* 864 F.2d 85, 87 (9th Cir. 1988) (citing *Beecher,* 381 F.2d at 373). After removal, a plaintiff must secure a new summons from the federal court and serve it pursuant to Rule 4. *Id.*; Fed. R. Civ. P. 81(c); Fed. R. Civ. P. 4(c).

The 120-day time period set forth by Rule 4(m) starts to run upon removal to federal court, not on the date a plaintiff files a complaint in state court. *See Vasquez v. N. County Transit Dist.,* 292 F.3d 1049, 1053 (9th Cir. 2002); *see also* 4B Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1137 (3d ed. 2002) (observing that under former version, service period ran from date complaint filed in state court). The complaint was removed on May 8, 2014. Thus, Plaintiff must serve process no later than September 5, 2014, in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff represents this is impossible because the unserved Defendants must be served in foreign countries under the Hague Service Convention,[1] and before service can be made, the Summonses and complaint must be translated to foreign languages—namely Chinese and Dutch. *See* Declaration of Sophia Murillo, process manager for First Legal Investigations, at ¶ 3 attached to Motion as Exhibit 3. Murillo estimates service will take up to six months. *Id.* at ¶ 4. Plaintiff requests an order extending the deadline to serve the unserved Defendants until February 27, 2015, consistent with the state court order.

/ / /

---

[1] On information and belief, Sanum Investments, Ltd., is a foreign company established under the laws of Macau, and Lao Holdings N.V. is an entity established under the laws of Aruba. *See* Declaration of Dan McNutt at ¶ 3, attached to Motion as Exhibit 2.

- 2 -

Having reviewed and considered the matter, and good cause appearing,

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension (Dkt. #24) is GRANTED.
2. Plaintiff shall have until February 27, 2015, to serve process on Defendants Sanum Investments, Ltd., and Lao Holdings N.V.

Dated this 6th day of October, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE