UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICK MAO, | ) |
| Plaintiff, | ) Case No.: 2:14-CV-00721-RCJ-PAL |
| vs. | ) |
| SANUM INVESTMENTS, LTD., et al., | ) |
| Defendants. | ) **ORDER** |

This proceeding arises out of an alleged breach of a settlement agreement. Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 28). For the reasons given herein, the Court grants the motion.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff Nick Mao, a resident of Clark County, Nevada, seeks to recover sums allegedly owed to Mao by Defendants Sanum Investments, Ltd., Bridge Capital, LLC, Lao Holding N.V., and John K. Baldwin. Defendant Baldwin, a resident of of the Commonwealth of the Northern Mariana Islands ("NMI")[1] and Defendant Bridge Capital, organized under the laws of the NMI, move to dismiss Mao's claims for insufficient service of process, lack of personal jurisdiction, improper venue, and under the doctrine of *forum non conveniens*.

---

[1] "The NMI is part of the Trust Territory of the Pacific Islands, which the United States has administered as a United Nations Trusteeship since 1947." *N. Mariana Islands v. Atalig*, 723 F.2d 682, 684–85 (9th Cir. 1984).

A.   **The Settlement Agreement**

The agreement at issue ("Settlement Agreement") arose out of a failed business transaction between Mao and Baldwin. (SAC ¶¶ 14–16, ECF No. 12). Under the Settlement Agreement (ECF No. 29-1, at 19) Mao was to receive a percentage of revenues from a gambling facility in Laos.[2] (SAC ¶ 16). Over a period of time, the revenues would repay nearly $3 million owed to Mao. (*Id.* ¶¶ 16, 20). Mao was mostly in Nevada while negotiating the deal but traveled to Laos in November 2010 to attempt to finalize the terms. (*Id.* ¶ 17). During Mao's visit to Laos, Defendants provided Mao with financial statements and other information purporting to show that the gambling facility was generating about $100,000 per month. (*Id.* ¶ 18). Mao, Sanum Investments, and Bridge Capital executed the Settlement Agreement in December 2010. (*Id.* ¶ 19). The Settlement Agreement contained a forum-selection clause, specifying that Mao would bring any dispute arising out of the agreement in a Laotian jurisdiction. (Settlement Agreement ¶ 9, ECF No. 29-1, at 24–25). As of early 2011, the promised revenues failed to materialize, and to date, Defendants have only repaid a small sum owed to Mao. (SAC ¶¶ 21–22).

B.   **The Present Case**

Mao sued Defendants in Nevada state court for (1) fraud—misrepresentation, (2) fraud—concealment, (3) breach of contract, (4) breach of implied contractual covenants, (5) conversion, (6) deceptive trade practices under Nevada law, (7) unjust enrichment, (8) accounting, and (9) declaratory relief. Defendants removed the action to this Court. Defendants Bridge Capital and Baldwin now move to dismiss based upon (a) insufficient service of process, (b) lack of personal

---

[2] Laos is a landlocked country in Southeast Asia sandwiched between Vietnam and Thailand. *See* Country Reports, http://www.countryreports.org/country/Laos.htm.

jurisdiction, (c) improper venue, and (d) to enforce a forum-selection clause under the doctrine of *forum non conveniens*.

## II.  LEGAL STANDARD

The Court first addresses Defendants' argument for enforcing the parties' forum-selection clause. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 580 (2013). If dismissal under *forum non conveniens* is appropriate, the court need not address other grounds for dismissal. *See Fine v. Cambridge Int'l Sys.*, 2014 U.S. App. LEXIS 16575, at *3 (9th Cir. Aug. 27, 2014) (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)) (noting the district court need not address whether it has personal jurisdiction over defendants if a foreign court is appropriate forum). Under a *forum non conveniens* analysis, the court considers "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Stellia Ltd. v. B+S Card Serv. GmbH*, 2013 U.S. Dist. LEXIS 171632, at *5–6 (D. Nev. Dec. 5, 2013) (Navarro, J.) (quoting *Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001)). When the dispute is governed by an enforceable forum-selection clause, however, the analysis slightly changes, with less emphasis on the private interest factors. *Atl. Marine Constr. Co.*, 134 S. Ct. at 581–82.

## III.  ANALYSIS

### A.  Enforceability of the Forum-Selection Clause

Before analyzing whether to dismiss based upon *forum non conveniens*, the Court must first assess the enforceability of the forum-selection clause in the Settlement Agreement. *See id.* at 581 n.5 (noting a motion to dismiss based upon *forum non conveniens* assumes the forum-selection clause is enforceable). In diversity cases, federal law governs the enforceability of

forum-selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Id.* at 514 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The other limited exceptions to enforcement occur where the forum is so "gravely difficult and inconvenient" that it is essentially no forum at all, or where enforcement of the clause will contravene a strong public policy of the forum. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). The forum-selection clause in the parties' Settlement Agreement states the following:

> Each party hereto hereby unconditionally and irrevocably submits, for himself, itself and its property, to the exclusive jurisdiction of the courts of Lao PDR (collectively the "Designated Courts"), over any action arising out of or relating to this Agreement, the Certificate of the Second Certificate (a "Designated Action"). All claims with respect to any Designated Action shall be heard and determined in a Designated Court. Except as herein expressly provided to the contrary, no party hereto shall commence any Designated Action except in a Designated Court. . . . Notwithstanding the foregoing Bridge and/or Sanum shall have the right to bring any Designated Action in the courts of any other jurisdiction to the extent either of them deems it necessary, appropriate, or desirable (in its sole and absolute discretion) in connection with any Designated Action.

(Settlement Agreement ¶ 9(b), ECF No. 29-1, at 24–25).

Mao does not effectively argue that the clause is invalid because it was procured by fraud or overreaching. The Settlement Agreement was negotiated at arm's length over a period of months between experienced business persons. (SAC ¶¶ 16–19). Even though, as Mao points out, the clause permits Bridge Capital and Sanum Investments to bring suit in other jurisdictions but prohibits Mao from doing so, this does not invalidate the clause. Unequal contract terms and unequal bargaining power will not invalidate a forum-selection clause. *See Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1141 (9th Cir. 2003) (holding that the non-negotiability of an employment contract did not vitiate forum-selection clause); *Carnival Cruise Lines, Inc. v.*

*Shute*, 499 U.S. 585, 593–94 (1991) (holding that cruise passengers' lack of bargaining parity with the cruise line did not invalidate forum-selection clause contained on ticket).

Mao's primary argument is that litigating in Laos will deprive him of his day in court based upon Laotian courts' reputation for being unfair and corrupt.[3] According to Mao, the possibility that Mao will not be able to receive a fair trial warrants keeping the case in the United States federal courts. In arguing to the contrary, Defendants point to *Russell v. De Los Suenos*, a recent case from the Southern District of California. In *Russell*, the court rejected the plaintiffs' argument that enforcing a forum-selection clause to litigate in Mexico would deprive the plaintiffs of their day in court and violate public policy. 2014 WL 1028882, at *6–8 (S.D. Cal. Mar. 13, 2014). The court explained that even if the Mexican judiciary is "potentially corrupt" and even if justice "may not be as favorable to [p]laintiffs as litigating in the United States," the forum-selection clause is not unenforceable because plaintiffs did not show they would be deprived of a forum altogether. *Id.* at *6–7.

The reasoning in *Manetti-Farrow, Inc. v. Gucci Am., Inc.* is also helpful. In that case, Manetti-Farrow entered into an exclusive distribution contract with Gucci Parfums which "designat[ed] Florence, Italy as the forum for resolution of any controversy regarding interpretation or fulfillment of the contract." 858 F.2d at 510–11 (internal quotations omitted). When the contractual relations soured, Manetti-Farrow sued Gucci Parfums in a United States

---

[3] Mao requests judicial notice of the fact that "[a] plaintiff is not likely to receive a fair trial on the merits in Laos because the courts in Laos are corrupt and lack independence from the interests of the Laotian government." (Pl.'s Req. Judicial Notice, ECF No. 32). After considering Mao's supporting documents, the Court will not take judicial notice of this fact because it is reasonably subject to dispute. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); Fed. R. Evid. 201(b) (stating that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.).

district court. *Id.* at 511. Manetti-Farrow argued the forum-selection clause was unenforceable because "it [could] not be assured that an Italian court [would] adequately safeguard its rights against . . . the defendants." *Id.* at 515. The Ninth Circuit characterized this concern as "speculative" and one that Manetti-Farrow should have considered at the time of contracting. *Id.* In affirming, the court explained it would not allow Manetti-Farrow to "change the bargain" after agreeing to litigate in Italy. *Id.*

For the same reasons as in *Russell* and *Manetti-Farrow*, the Court rejects Mao's argument that the forum-selection clause is invalid. The fact that Mao has concerns about his success in Laotian courts does not warrant avoiding the agreement to litigate in Laos. In executing the Settlement Agreement, Mao contemplated litigating in Laos. Mao cannot now unilaterally change the terms of the bargain. The Court concludes Mao has not shown that being forced to litigate in Laos makes it so difficult and inconvenient that he is effectively deprived of a forum altogether. The Court therefore finds the forum-selection clause enforceable for purposes of deciding Defendants' motion to dismiss based upon the doctrine of *forum non conveniens*.[4]

### B.    Motion to Dismiss Based Upon *Forum Non Conveniens*

Forum-selection clauses alter the typical *forum non conveniens* analysis of balancing private and public interest factors. *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. Primarily, the plaintiff's choice of forum and any private interest factors merit no consideration and are

---

[4] The Court also finds that Baldwin, a non-signatory to the Settlement Agreement, may enforce the forum-selection clause against Mao because Baldwin was involved with the Settlement Agreement negotiations. (*See* SAC ¶¶ 16–18). If a non-signatory defendant is "so closely related to the contractual relationship" it is reasonable to extend the forum-selection clause to include him. *First Choice Bus. Brokers, Inc. v. Ken Dobbs Moneyline, Inc.*, 2009 U.S. Dist. LEXIS 54985, at *13–14 (D. Nev. June 9, 2009) (Hunt, J.) (quoting *Manetti-Farrow*, 858 F.2d at 514 n.5).

superseded by what the parties agreed to in the forum-selection clause. *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient . . . . A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* A court may consider public interest factors, however, although they "rarely" result in preventing dismissal or transfer without "unusual" circumstances. *Id.* Public interest factors include the forum's interest in the litigation, the forum court's familiarity with the governing law, and the forum court's time and expense involved in resolving a dispute unrelated to the forum. *Lueck*, 236 F.3d at 1147 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259–61 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

In this case, Mao primarily relies on private interest factors, namely his ability to obtain favorable treatment in the courts of Laos. The Court cannot consider this type of private interest factor, however, and must deem any private interest factor to weigh in favor of dismissing the case to enforce the forum-selection clause. *Atl. Marine Constr. Co.*, 134 S. Ct. at 582. The Court also concludes the public interest factors favor dismissal. Nevada has very little interest in a case arising from alleged torts and a breach of contract related to a gambling facility in Laos. Moreover, the Court will incur considerable time and expense in resolving this dispute even though the case is only tangentially related to the forum through Mao's status as a resident of Nevada. The Court concludes there are no "unusual" circumstances present in this case to counteract the presumption of enforcing the forum-selection clause. *Id*. Therefore, the Court enforces the parties' forum-selection clause and grants Defendants' motion to dismiss based upon the doctrine of *forum non conveniens*.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 28) is GRANTED, and the Clerk shall close the case.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 43) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated this 15th day of October, 2014.

_____
ROBERT C. JONES
United States District Judge